# MARTIN TEAL
## v.
## WILLIAM MERAVEY.

1. AGENCY—ADMISSIONS.—A servant to drive a team can not bind his master by admissions made after an accident in regard to his conduct at the time of the accident, which were mere matters of opinion.

2. IMPEACHMENT OF WITNESS.—It was not competent, by way of impeaching the testimony of the servant who denied the admissions, to introduce other witnesses to testify that such admissions were made.

APPEAL from the Circuit Court of LaSalle county; the Hon. GEORGE W. STIPP, Judge, presiding. Opinion filed December 28, 1882.

Mr. SAMUEL RICHOLSON and Messrs. GEO. H. HAIGHT and GEO. C. COOPER, for appellant; that it is the duty of a person traveling on horseback to give way to a loaded vehicle, cited Beach v. Parmeter, 23 Penn. 196; Washburn v. Tracy, 2 Chipm. 136.

As to cases where an exception will be made to the general rule of contributory negligence: C. & A. R. R. Co. v. Becker, 76 Ill. 25.

A witness can not be impeached upon immaterial matter:

1 Wharton on Ev. §§ 551–559; Lane v. Bryant, 9 Gray, 245; Robinson v. Fitchburg R. R. Co. 7 Gray, 92.

Instructions must not only be correct as abstract propositions of law, but must be applicable to the facts in the case: Lombard v. Martin, 39 Miss. 147; Gorman v. Campbell, 14 Ga. 137; McNair v. Platt, 46 Ill. 211; Atkinson v. Lester, 1 Scam. 407; Hesing v. McCloskey, 37 Ill. 342; South Evanston v. Lynch, 1 Bradwell, 63; Harris v. Miner, 28 Ill. 135; Riley v. Dickens, 19 Ill. 29; Barns v. Kelly, 41 Miss. 339; Hayes v. Hinds, 28 Ind. 531; Southern Ex. Co. v. Newby, 36 Ga. 635; Ochiltree v. Carl, 23 Ia. 394; Pasley v. English, 10 Gratt. 236; Ward v. Henry, 19 Wis. 26; Pittsburgh, etc. R. R. Co. v. Krouse, 30 Ohio, 223.

If the injury was willfully committed by appellee, appellant can recover without even showing the exercise of ordinary care: C. & N. W. R. R. Co. v. Coss, 73 Ill. 394; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; C. & N. W. R. R. Co. v. Donahue, 75 Ill. 106; I. C. R. R. Co. v. Hetherington, 83 Ill. 510; Lafayette, etc. R. R. Co. v. Adams, 26 Ind. 76; Indianapolis, etc. R. R. Co. v. McClure, 26 Ind. 370.

An instruction is erroneous which withdraws from the jury any facts, however weak, which tend to prove issue: Edgar v. McArn, 22 Ala. 796; Hornes v. State, 23 Ala. 17; Cathron v. Moore, 1 Ala. 423; Toulmin v. Lessen, 2 Ala. 359.

Mr. L. L. THOMPSON and Mr. C. B. CHAPMAN, for appellee; that where a carriage and a horse pass on the road, each must keep its proper side, cited Shearman & Redfield on Negligence, §§ 308, 310; Angell on Highways, §§ 328, 330, 331, 334; Oliphant's Law of Horses, 166; Turley v. Thomas, 8 C. & P. 103; Dudley v. Bolles, 24 Wend. 464; Clay v. Wood, 5 Esp. 42.

The law or usage of the road is not the criterion of negligence: Wayde v. Carr, 2 Dow. & Ry. 255.

The fact that the road is rough and rutty is no excuse: Earing v. Lansing, 7 Wend. 185.

Although the law imposes upon a party the duty of turning

to the right, yet his disregard of that duty, will not justify a traveler on the proper side of the road, in carelessly permitting himself to be injured: Parker v. Adams, 12 Met. 415; Kennard v. Burton, 12 Shepley 39; Pluckwell v. Wilson, 5 C. & P. 375; Williams v. Holland, 6 C. & P. 23; Harpell v. Curtis, 1 Smith (N. Y.), 78; Brooks v. Hart, 14 N. H. 307; O'Maley v. Dorm, 7 Wis. 236; Davies v. Mann, 10 M. & W. R. 545; Bridge v. Grand Junc. R. R. Co., 3 M. & W. 246.

Where the injury arises from plaintiff's want of ordinary care, he can not recover: Washburn v. Tracy, 2 Chipm. 136; St. L. & S. E. R. R. Co. v. Britz, 72 Ill. 256.

As to the rule of comparative negligence: C. & N. W. R. R. Co. v. Coss, 73 Ill. 394; E. St. L. Pack. & Pro. Co. v. Hightower, 92 Ill. 139; City of Winchester v. Carr, 5 Bradwell, 486; Chi. City Ry. Co. v. Lewis, 5 Bradwell, 242; O. & M. R. W. Co. v. Eaves, 42 Ill. 288; I. C. R. R. Co. v. Middlesworth, 43 Ill. 64; Ortmayer v. Johnson, 45 Ill. 469; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; Rock R. I. & St. L. R. R. Co. v. Coultas, 67 Ill. 398; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576.

A previous and contradictory statement may be given in evidence to impeach the credit of a witness: Wright v. Decklyne, Pet. C. C. 199; Gal. & C. N. R. R. Co. v. Fay, 16 Ill. 588; Lamb v. Stewart, 2 Ohio, 230; Allen v. Harrison, 30 Vt. 219; Fort v. Hunkins, 98 Mass. 523; Presley v. Powers, 82 Ill. 125; Craig v. Rohrer, 63 Ill. 325; The People v. Williams, 18 Cal. 187; Mageham v. Thompson, 9 Watts & S. (Pa.) 54.

As to instructions upon negligence: C. & N. W. R. R. Co. v. Scates, 90 Ill. 586; I. C. R. R. Co. v. Hetherington, 83 Ill. 510.

A verdict will not be set aside because evidence has been erroneously admitted and improper instructions given, when a new trial must result in the same verdict: Mattingly v. Crowley, 42 Ill. 300; Howe Mach. Co. v. Rosine, 87 Ill. 105; McConnel v. Kibbe, 33 Ill. 175; Curtis v. Sage, 35 Ill. 22; Peoria M. & F. Ins. Co. v. Frost, 37 Ill. 333.

Teal v. Meravey.

LACEY, J. This was a suit commenced by the appellant against the appellee, to recover a claim of $25 damages alleged to have been sustained by him on account of appellee's negligently riding his horse on to former's buggy wheel at meeting on the highway.

The defense set up is that the collision was caused as much by the negligence on the part of the appellant as appellee, in fact, that the former's contributory negligence was of such a character as to entirely bar the action. The evidence as to the question of negligence was conflicting and especially to the point, whether there was any contributory negligence, and if so, whether it barred the action. Young Teal, the son of the appellant, who drove the buggy of his father, was a witness on the stand and had sworn to such facts as, if true, would have cleared him of all charge of negligence. Upon cross examination the boy was asked, against the objection of appellant's counsel and exception properly taken, these questions: Did you at the time and place of the accident, in presence of Meravey and Jamison, say that neither one was to blame, or in substance, words to that effect? Did you at the time of the accident, or shortly after, and at the place of the accident, say in the presence of Mr. Meravey, Mr. Kilmer, Mr. Bagby and Jamison, that it was an accident and neither one was to blame, or in substance that? Did you at the time and place of the accident, in the presence of Mr. Kilmer, Mr. Jamison and Mr. Bagby, have a conversation with the defendant, in which he said: "I am sorry this accident happened, but I was not to blame for it," and did you not in substance reply to Mr. Meravey, "you are not to blame"? To all which questions Franklin Teal, the son, replied in the negative, and to the last question said, "I told Mr. Meravey I knew very well who was to blame."

By way of impeachment and by way of contradicting the evidence of Franklin Teal on those points, the appellee was allowed, against the objection and proper exception of apellant, to show by the named parties: the appellee, Egbert Kilmer, Elijah Bagby and John Jamison, that Franklin Teal had made the statements attributed to him in the fore-

going questions, and the witnesses did contradict him in those particulars.

The allowing of this evidence by the court below is assigned for error. This we think was error. The witness Teal had simply narrated a state of facts, in reference to the collision, from which facts, in connection with all the other evidence, it was the duty of the jury to determine whether or not the appellee was to blame, whether he had been guilty of negligence. The witness had no right to make admissions after the occurrence to bind the appellant in regard to his conduct. There was no agency on his part to do that. It was incompetent as original evidence. The servant to drive the team could not admit away his father's case by making admissions of this character. Nor was it competent by way of impeachment.

His opinion as to whether appellee was negligent or not, was wholly immaterial, nor did it contradict anything which he had testified to. He was not allowed to swear, nor did he swear, that he was of opinion appellee had been to blame in the manner in which he handled his horse.

He had simply stated the facts concerning the collision. He was not asked whether he had made statements contradictory to those which he had made on oath. If he had it would have been proper to have shown it; but it was not proper to show an expression of an opinion which decided the whole case.

The case of Lane v. Bryant, 9 Gray, 245, is nearly exactly in point, and decides that it is not proper to ask questions of this character. See also 1 Wharton Ev. Sec. 551, 559; Robinson v. F. R. R. Co. 7 Gray, 92.

The admission of evidence of this character was well calculated to be very damaging to appellant's case. We think the law of the road was laid down by the court as favorably as the appellant could ask.

The fifth appellee's instruction should have been so modified as to allow of recovery in case of willful infliction of injury.

Therefore, the judgment is reversed and the cause remanded.